1  LUCAS VALLEY LAW
   MARK K. de LANGIS (SBN 190083)
2  mdelangis@lucasvalleylaw.com
   2110 Elderberry Lane
3  San Rafael, California  94903
   Telephone:  (415) 472-3892
4  Facsimile:   (415) 472-3977

5  Attorney for Plaintiff
   BANYAN RISK GROUP, LLC
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 BANYAN RISK GROUP, LLC, a limited       No. 2:20-cv-6273
   liability company,
12
                                           COMPLAINT FOR
13         Plaintiff,
       v.                                  1. BREACH OF CONTRACT;
14                                         2. OPEN ACCOUNT;
   SPOTLIGHT OPERATIONS LLC, a             3. COMMON COUNT FOR
15 limited liability company, GENIUS          SERVICES PERFORMED;
   FUND I, INC., a corporation, and GARY   4. UNJUST ENRICHMENT
16 SHINDER a/k/a IGOR SHINDER, an
   individual,
17
           Defendants.
18

19

20     Plaintiff Banyan Risk Group, LLC ("Banyan") complains against defendants

21 Spotlight Operations LLC, Genius Fund I, Inc., and Gary Shinder a/k/a Igor

22 Shinder and alleges as follows:

23                      **JURISDICTION AND VENUE**

24     1.     This Court has original diversity jurisdiction over this action pursuant

25 to 28 U.S.C. §1332.  All parties are citizens of different states and are completely

26 diverse from each other.   In addition, the amount in controversy exceeds $75,000.

27     2.     Pursuant to 28 U.S.C. §1391(b)(1), venue is proper in the Central

28 District of California because defendant Spotlight Operations LLC resides in this

district and all defendants are residents of the State of California. Alternatively, pursuant to 28 U.S.C. §1391(b)(2), venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## INTRODUCTION

3. This lawsuit arises from a breach of contract wherein defendants failed to pay certain invoices for security services rendered by Banyan to defendants. The facts giving rise to this complaint are simple and clear—Banyan provided certain security consulting services to defendants for which Banyan invoiced defendants and expected to be paid. Defendants failed to pay the invoices.

## PARTIES

4. Plaintiff Banyan Risk Group, LLC is, and at all relevant times was, a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in Houston, Texas. The sole member of Banyan Risk Group, LLC ("Banyan") is its founder and Chief Executive Office, David Dezso. David Dezso is a citizen of, and resides in, the State of Texas.

5. Defendant Spotlight Operations LLC is, and at all relevant times was, a California limited liability company whose registered business address is 6960 S. Centinela Avenue, Culver City, CA 90230. On information and belief, Banyan alleges that the sole member/owner of Spotlight Operations LLC is co-defendant Genius Fund I, Inc. Genius Fund I, Inc. is a citizen of Delaware and California, where, respectively, it was incorporated and where it has its principal place of business.[1]

---

[1] Banyan has conducted a search of publicly available records to determine whether there are other members of Spotlight Operations LLC. After a reasonable search, Banyan was only able to identify Genius Fund I, Inc., as a member.

6. Defendant Genius Fund I, Inc. is, and at all relevant times was, a corporation duly organized and existing under Delaware law whose principal place of business is 255 W. Foothill Boulevard, Suite 205, Upland, California 91786. Accordingly, Genius Fund I, Inc. is a citizen of Delaware and California.

7. Banyan is informed and believes and thereupon alleges that Defendant Gary Shinder a/k/a Igor Shinder ("Shinder") is, and at all relevant times was, an individual residing in the State of California.

8. Although Spotlight Operations LLC was at all times herein mentioned, purportedly a limited liability company, Banyan is informed and believes that at all material times hereto defendant Shinder personally supervised, controlled, dominated, and operated Spotlight Operations LLC as his own business and alter ego.

9. Although Genius Fund I, Inc. was at all times herein mentioned, purportedly a corporate entity, Banyan is informed and believes that at all material times hereto defendant Shinder personally supervised, controlled, dominated, and operated Genius Fund I, LLC as his own business and alter ego.

10. Banyan is informed and believes that there exists, and at all times since the formation of Spotlight Operations LLC and Genius Fund I, Inc. there has existed, a unity and identity of interest and ownership between Spotlight Operations LLC and Genius Fund I, Inc. on the one hand and Shinder on the other such that there is no individuality and separateness between them and that, in fact, Shinder is the alter ego of both Spotlight Operations LLC and Genius Fund I, Inc. and Spotlight Operations LLC and Genius Fund I, Inc are the alter egos of Shinder. Shinder placed himself as Genius Fund's Chief Executive Officer, Chief Financial Officer, Secretary, and Chairman of the Board of Directors. Furthermore, Genius Fund I, Inc. is the sole owner of Spotlight Operations, LLC. From his management positions, Shinder was able to control and dictate Genius Fund I, Inc.'s and Spotlight Operations LLC's management and day-to-day operations, and

on information and belief, did so.

11. Adherence to the fiction of the separate existence of Spotlight Operations LLC and Genius Fund I, Inc. as entities distinct from Shinder would permit an abuse of the corporate privilege and corporate form, and would sanction the wrongdoing of Shinder and Spotlight Operations LLC and Genius Fund I, Inc. described in more detail below.  The asserted separateness between Shinder, Spotlight Operations LLC, and Genius Fund I, Inc. should be disregarded.  Shinder and Genius Fund I, Inc. are responsible for Spotlight Operations LLC's debts.

12. On information and belief, all the acts and omissions described herein alleged to have been done by any defendant or defendants were performed by, and attributable to, all defendants, each acting as agent, employee, alter ego, and/or under the direction and control of the others, and said acts and omissions were within the scope of said agency, employment, alter ego status, and/or direction and control.  Whenever and wherever reference is made in this complaint to any acts of defendants, such allegations shall also be deemed to mean the acts of each other defendant acting individually or jointly and severally.

## GENERAL ALLEGATIONS

13. Genius Fund I, Inc. was organized to take part in California's recently legalized commercial cannabis industry.  Shinder is Genius Fund I, Inc.'s Chief Executive Officer, Chief Financial Officer, Secretary, and Chairman of the Board of Directors.  Shinder is also Spotlight Operations LLC's Chief Executive Officer.  Spotlight Operations LLC is a subsidiary of Genius Fund I, Inc.

14. Banyan is a risk management firm providing its clients with security consulting, cybersecurity, and business due diligence services. The firm is composed of people who have served at the highest levels of the United States military, intelligence and diplomatic community, law enforcement, and academia.  Plaintiff's founder and Chief Executive Officer, David Dezso, was a member of the U.S. Special Operations Command (USSOCOM). Mr. Dezso has served

around the world fighting counterterrorism missions and received multiple service awards. Mr. Dezso also holds both a Juris Doctor from South Texas College of Law and a Master of Business Administration from Rice University.

15. To fulfill Banyan's mission and best serve its clients security needs, Mr. Dezso has recruited a team of experts who come from various federal agencies and across the U.S. military, as well as leading research and academic institutions around the world. These experts have come from USSOCOM, the U.S. Secret Service, the National Geospatial-Intelligence Agency, the U.S. State Department's Diplomatic Security Service, and the Federal Bureau of Investigation. The majority of Banyan's experts hold a Top Secret security clearance and have been entrusted with our government's most sensitive and special cases. Banyan appropriately applies the skills and experience of its personnel to provide its clients with effective and efficient services to meet its clients' security needs.

16. Since April 2019, Spotlight Operations, Genius Fund I, Inc. and Shinder ("Defendants") have been one of Banyan's clients and have engaged Banyan multiple times for various security consulting and business due diligence services. For each engagement up to the two engagements that are the subject of this complaint, Banyan invoiced Defendants for services rendered and Defendants paid all invoices in full, except for last two.

17. Genius Fund I, Inc. describes itself as a private equity fund focused on complete vertical integrations in breakthrough industries. At the time of Banyan's engagements with Defendants, Genius Fund I, Inc. was involved in the recently legalized commercial cannabis industry in the state of California.

18. Fran Racioppi was Genius Fund I, Inc.'s former Director of Security, Chief Operating Officer, and Chief Executive Officer. Racioppi engaged Banyan to assist him in providing security and due diligence services to Genius Fund I, Inc.

19. At the time of the Banyan's first engagement with Genius Fund I, Inc. Banyan was directed by Genius Fund I, Inc. to address and submit invoices to

Spotlight Operations LLC.

20. Beginning in April 2019, Defendants engaged Banyan to provide security consulting and business due diligence services for Defendants' business on an ongoing basis. Defendants contracted with Banyan on eighteen (18) occasions for Banyan to provide security and consulting services for Defendants.

21. Banyan began invoicing Defendants for those security and consulting services in May 2019. Banyan continued working for Defendants through February 2020 and invoicing Defendants through March 2020.

22. The first sixteen (16) invoices for Banyan's services (totaling over $335,000) were promptly paid by Defendants.

23. On February 6, 2020, Banyan sent Invoice #1189 in the amount of $79,018.76 to Defendants for security consulting services that Banyan provided during Defendants' business trip to Los Cabos, Mexico from January 14 to January 31, 2020. During the duration of this trip, Defendants held offsite company meetings in Cabo San Lucas.

24. On March 4, 2020, Banyan sent Invoice #1199 in the amount of $18,617.53 to Defendants for security consulting services that Banyan provided during Defendants' business trip to the Dominican Republic.

25. To this date, Defendants have not paid Invoices #1189 and #1199, which total $97,636.29, despite repeated requests from Banyan.

26. On May 8, 2020, Banyan's counsel sent a final demand letter to Defendants, demanding payment of Invoices #1189 and #1199. Banyan gave Defendants until May 15, 2020 to pay, or Banyan would be forced to sue for payment. Defendants failed to respond by May 15, 2020.

27. On May 20, 2020, however, Defendants acknowledged that they owed Banyan for Invoices #1189 and #1199 and verbally agreed to pay these invoices under a payment plan.

28. On May 21, 2020, Banyan accordingly sent a payment agreement to

1 Defendants to sign. To this date, Defendants have not signed the payment
2 agreement, nor have they made any payments towards the amount owed to
3 Banyan.  Banyan has made multiple attempts to follow up with Defendants
4 regarding the execution of the payment agreement, but Defendants have ceased all
5 communications with Banyan.
6        29.    Accordingly, Defendants are indebted to Banyan for $97,636.29 in
7 payment for Invoices #1189 and #1199, excluding interest and attorneys' fees.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

10       30.    Banyan refers to, and by that reference incorporates as if fully set
11 forth herein, each and every allegation set forth in paragraphs 1 through 29,
12 inclusive, hereinabove.
13       31.    Banyan and Defendants entered into an oral contract for Banyan to
14 provide security and consulting services to Defendants at Defendants' request.
15 Defendants agreed to pay Banyan's invoices as they became due and Defendants
16 honored that promise for over one year.
17       32.    Banyan has performed all of its obligations under the oral contract.
18       33.    Defendants materially breached the terms of the oral contract entered
19 into among the parties by failing to pay the latest two invoices (#1189 and #1199)
20 totaling $97,636.29, as promised.
21       34.    As a direct and proximate cause of Defendants' breach of the oral
22 contract by failing to pay the latest two invoices (#1189 and #1199), Banyan has
23 suffered damages in an amount totaling $97,636.29 (excluding interest and
24 attorneys' fees).

## SECOND CAUSE OF ACTION
### (Open Account)

27       35.    Banyan refers to, and by that reference incorporates as if fully set
28 forth herein, each and every allegation set forth in paragraphs 1 through 34,

inclusive, hereinabove.

36. Defendants owe Banyan the sum of $97,636.29 that is due with interest since March 2020, in accordance with the terms of the contract more fully described above.

37. Banyan has made demand for payment upon Defendants and Defendants have acknowledged receipt of said demand.

38. Defendants have refused to pay and continue to refuse to pay the outstanding sum due and owing. As a result of Defendants refusal to pay what it owes, Banyan has suffered damages in an amount totaling $97,636.29 (excluding interest and attorneys' fees).

## THIRD CAUSE OF ACTION
### (Common Count for Services Performed)

39. Banyan refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 38 inclusive, hereinabove.

40. Defendants are indebted to Banyan for the amount of $97,636.29, for the services Banyan performed at Defendants' request.

41. Defendants have failed to pay anything towards the $97,636.29 charges for Banyan's service; therefore, Banyan is entitled to recover $97,636.29, excluding interest and attorneys' fees, for services performed.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

42. Banyan refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 41 inclusive, hereinabove.

43. Defendants received a benefit totaling $97,636.29 from Banyan when Banyan provided security services for Defendants as described in detail above in paragraphs 23-25.

44. Defendants unjustly retained the benefits conferred upon them by failing to pay for the security services provided by Banyan, as Defendants had promised.

45. By failing to pay the $97,636.29 they owed Banyan, Defendants have unjustly retained the benefits of Banyan's services as described, at Banyan's expense.

46. Accordingly, Defendants have been unjustly enriched in a total amount of $97,636.29 (excluding interest, costs, and attorneys' fees).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Banyan Risk Group, LLC prays as follows:

1. The Court enter judgment in Banyan's favor for $97,636.29, the full amount of Banyan's claim;
2. The Court award Banyan prejudgment interest on all sums as provided by law;
3. The Court award Banyan its costs of suit;
4. The Court award Banyan its attorneys' fees;
5. The Court award Banyan such other and further relief as the Court may deem proper.

DATED:  July 15, 2020

LUCAS VALLEY LAW

By: */s/ Mark K. de Langis*
Mark K. de Langis
Attorneys for Plaintiff
Banyan Risk Group, LLC

COMPLAINT
9

## **DEMAND FOR JURY TRIAL**

Banyan Risk Group, LLC hereby respectfully demands that this matter be tried before a jury.

Dated: July 15, 2020

LUCAS VALLEY LAW

*/s/ Mark K. de Langis*

MARK K. de LANGIS
Attorneys for Plaintiff
Banyan Risk Group, LLC